UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MD SULTAN A. KHAN,

Plaintiff,

-against-

PARTY PIZZA INC. d/b/a PARTY PIZZA d/b/a PIZZA LA BOCA, MD ZAMAN, ZIAUL HAQUE, MD SHAIFUL ISLAM, and SHAMOL "DOE" last name being fictitious and unknown,

Defendants.
----------------------------------------------------------X

REPORT AND RECOMMENDATION
15 CV 3470 (ARR)(RML)

LEVY, United States Magistrate Judge:

By order dated March 28, 2016, the Honorable Allyne R. Ross, Senior United States District Judge, referred plaintiff's motion for a default judgment to me to hold an inquest or hearing to determine liability and damages and issue a report and recommendation. I held an inquest hearing on May 11, 2016, at which plaintiff MD Sultan A. Khan ("plaintiff" or "Khan") testified under oath. (Transcript of Hearing, dated May 11, 2016 ("Tr.").) For the reasons stated below, I respectfully recommend that plaintiff's motion be granted and that plaintiff be awarded a total of $24,710.96, consisting of $2,690 in unpaid minimum wages; $7,170 in unpaid overtime wages; $512 in unpaid spread–of–hours wages; $10,372 in liquidated damages; $2,100 in Wage Theft Prevention Act ("WTPA") damages; and $1,866.96 in pre-judgment interest for the period up to and including June 5, 2016. In addition, I recommend that plaintiff be awarded accrued pre-judgment interest, at a rate of $2.56 per day, for each day beginning on June 6, 2016 and ending on the date of entry of judgment. I also recommend that plaintiff be awarded statutory post-judgment interest.

## BACKGROUND

A. Defendants' Default

Plaintiff has demonstrated that defendants Party Pizza, Inc. and MD Zaman ("defendants") were properly served with a summons and complaint.[1] (Affidavits of Service of Robert Lawson, sworn to July 27, 2015.) A Clerk's Certificate confirms that neither defendant has filed an answer or otherwise moved with respect to the complaint. (Clerk's Entry of Default, dated Mar. 23, 2016.) I therefore respectfully recommend that plaintiff's motion for a default judgment against Party Pizza, Inc. and MD Zaman be granted.

B. Legal Standard for a Default Judgment

"Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." Jones v. E. Brooklyn Sec. Servs. Corp., No. 11 CV 1021, 2012 WL 909830, at *1 (E.D.N.Y. Feb. 28, 2012) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)); see also Callier v. Superior Bldg. Servs., Inc., No. 09 CV 4590, 2010 WL 5625906, at *2 (E.D.N.Y. Dec. 22, 2010) ("When a defendant defaults, the court must accept all well-pleaded allegations in the complaint as true, except those pertaining to the amount of damages.") (citations omitted),

---

[1] Plaintiff did not serve a summons and complaint on defendants Ziaul Haque and MD Shaiful Islam. Plaintiff did serve a summons and complaint on defendant Shamol "Doe." (Affidavit of Service of Robert Lawson, sworn to July 27, 2015.) However, plaintiff only moved for a default judgment against Party Pizza, Inc. and MD Zaman, not defendant Shamol "Doe." (Notice of Motion for Default Judgment, dated Mar. 24, 2016.) Consequently, I respectfully recommend that the complaint be dismissed with respect to defendants Ziaul Haque, MD Shaiful Islam, and Shamol "Doe."

report and recommendation adopted, 2011 WL 222458 (E.D.N.Y. Jan. 21, 2011).

C. Facts[2]

Plaintiff worked for defendant Party Pizza, Inc. ("Party Pizza"), located at 8614 37th Avenue in Queens, New York, from April 12, 2014 to July 16, 2014. (Complaint, dated June 15, 2015 ("Compl."), ¶¶ 3, 26.) Party Pizza was a business engaged in interstate commerce, which grossed $500,000 in revenue in the 2014 calendar year. (Id. ¶¶ 5-6.) Defendant MD Zaman ("Zaman") served in a managerial position at Party Pizza, controlled plaintiff's work schedule and pay, was responsible for maintaining plaintiff's employment records, and had the power to hire and fire plaintiff.[3] (Id. ¶¶ 11, 19.)

While employed at Party Pizza, plaintiff performed a variety of duties, including preparing and delivering food, bussing, dishwashing, and maintenance. (Id. ¶ 27.) Defendants promised to pay plaintiff $8.00 per hour, but ultimately failed to compensate him accordingly. (Id. ¶¶ 29-30.)

Over the course of his three-month employment, plaintiff worked a total of 1,157.5 hours, including overtime. (Plaintiff's Handwritten Records, dated Oct. 28, 2015 ("Plaintiff's Records"), annexed to Affidavit of MD Sultan A. Khan, sworn to Oct. 28, 2015, as

---

[2] All facts in this section are admitted by virtue of defendants' default.

[3] Zaman's role, as alleged by plaintiff, renders him jointly and severally liable with defendant Party Pizza as an "employer" under both the Fair Labor Standards Act and the New York Labor Law. See Pineda v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 685 (S.D.N.Y. 2011) (allegations that an individual defendant "was owner, partner, or manager," coupled with his default, was sufficient to qualify him as an employer and to impose joint and several liability with corporate defendants under the Fair Labor Standards Act and the New York Labor Law.)

an unlabeled exhibit.)[4] Plaintiff was paid a total of $1,790 in the following increments: $300 on May 5, 2014; $90 on May 28, 2014; $300 on June 3, 2014; $1,000 on June 26, 2014; and $100 on July 1, 2014. (Id.; Compl. ¶ 29; Tr. at 6.)

D. Plaintiff's Request for Relief

Plaintiff seeks compensation for minimum hourly wages and overtime under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219, and the New York Labor Law (the "NYLL"), N.Y. LAB. LAW §§ 195, 650-665. (Affirmation of Andreas Geroulakis, Esq., dated Mar. 24, 2016 ("Geroulakis Aff."), ¶ 3; Compl. at 8; Tr.) Plaintiff also requests unpaid spread–of–hours pay and damages for defendants' violation of the WTPA, both pursuant to the NYLL. (Compl. ¶¶ 44-48 ; Geroulakis Aff. ¶ 3.) In addition, plaintiff seeks pre-judgment and post-judgment interest, as well as liquidated damages under both the FLSA and the NYLL.[5] (Compl. at 8; Geroulakis Aff. ¶¶ 10, 14; Tr. at 17-18.)

## DISCUSSION

A. Burden of Proof for Damages

"Generally, an employee-plaintiff under the FLSA 'has the burden of proving that he performed work for which he was not properly compensated.'" Santillan v. Henao, 822 F.

---

[4] I calculated plaintiff's total number of hours worked based on the time entries listed in Plaintiff's Records.

[5] In his Complaint, plaintiff requests compensation for reasonable attorney's fees and additional costs associated with the action. (Compl. at 8.) However, in the hearing, plaintiff's counsel explicitly waived the request for attorney's fees. (Tr. at 17.) Furthermore, while plaintiff never formally waived his request for costs, he has not submitted any documentation accounting for costs. Therefore, I recommend that neither attorney's fees nor costs be awarded to plaintiff.

Supp. 2d 284, 293-94 (E.D.N.Y. 2011) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). However, the employer bears the burden under state and federal law of maintaining records of the employee's wages, hours, and other conditions of employment. 29 U.S.C. § 211(c); N.Y. LAB. LAW. § 196–a(a). Since defendants have defaulted, they have deprived plaintiff of the necessary employment records and hampered his ability to prove damages. Thus, plaintiff's testimony and estimates regarding his employment will be credited and damages will be calculated on that basis.[6] See Santillan, 822 F. Supp. 2d at 294; Wicaksono v. XYZ 48 Corp., No. 10 CV 3635, 2011 WL 2022644, at *2 (S.D.N.Y. May 2, 2011).

B. Calculation of Damages

1. Unpaid Minimum Wages

Under both the FLSA and the NYLL, employees must be paid at least the minimum hourly wage rate for every hour that they work. 29 U.S.C. § 206(a); N.Y. LAB. LAW § 652. "The federal minimum wage does not preempt the state minimum wage, and a plaintiff may recover under whatever statute provides the highest measure of damages." Wicaksono, 2011 WL 2022644, at *3 (citing 29 U.S.C. § 218(a)). Here, the minimum wage in New York exceeded the federal minimum wage during the entirety of plaintiff's employment.[7] Therefore,

---

[6] Plaintiff's handwritten records account for the hours he worked, the amounts he was paid, and the dates on which he was paid. (Plaintiff's Records.) Defendants paid plaintiff in cash and never provided plaintiff with required notices and wage statements. (Compl. ¶ 40; Tr. at 12.) I have independently reviewed plaintiff's time records and made appropriate calculations on that basis.

[7] The New York minimum wage was $8.00 and the federal minimum wage was $7.25. N.Y. COMP. CODES R. & REGS. tit. 12, §§ 142-2.1(a)(5), 146-1.2; see also https://www.labor.ny.gov/stats/minimum_wage.asp; 29 U.S.C. § 206(a)(1)(A)-(C).

plaintiff's unpaid minimum wages must be computed using the state wage rate. See id.

Under both federal and state law, an employee must be paid at least the minimum hourly wage rate for the first forty hours worked in each week of his employment. See 29 U.S.C. § 207(a)(1); see also N.Y. COMP. CODES R. & REGS. tit. 12, §§ 142-2.1, 2.2. Plaintiff worked a total of fourteen weeks and exceeded forty hours in each week of work. (Plaintiff's Records.) Therefore, applying the state minimum hourly wage rate of $8.00, plaintiff was entitled to a total of $4,480 (14 weeks x 40 hours/week = 560 hours; 560 hours x $8.00/hour = $4,480). After deducting the total amount paid to plaintiff ($1,790), I recommend that plaintiff be awarded $2,690 in unpaid minimum wages.

2. Overtime

Under both federal and state law, plaintiff is entitled to overtime wages at 150 percent of his regular hourly wage rate, or of the applicable minimum hourly wage rate, for hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1); see also N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2. Plaintiff did not receive overtime compensation at any point during his employment. (Compl. ¶¶ 35, 38.) Based on the state minimum hourly wage rate of $8.00, plaintiff's overtime hourly wage rate becomes $12.00. Overall, plaintiff worked a total of 597.5 overtime hours. (Plaintiff's Records.) Therefore, I recommend that plaintiff be awarded $7,170 in unpaid overtime wages (597.5 hours x $12.00/hour = $7,170).

3. Unpaid Spread–of–Hours Wages

New York law requires an employer to pay an employee for one additional hour at the minimum hourly wage rate for each work day in which the employee works over ten hours and/or works a split shift.[8] N.Y. COMP. CODES R. & REGS. tit. 12 § 142–2.4. Plaintiff worked in excess of ten hours and/or a split shift for sixty-four days, and he never received spread–of–hours compensation. (Plaintiff's Records; Compl. ¶ 46.) Therefore, I recommend that plaintiff be awarded $512 in unpaid spread–of–hours wages (64 days x $8.00/day = $512).

4. Liquidated Damages

Federal and state law provide for an award of liquidated damages to employee-plaintiffs who establish that an employer failed to pay required wages. Siemieniewicz v. Caz Contracting Corp., No. 11 CV 0704, 2012 WL 5183375, at *12 (E.D.N.Y. Sept. 21, 2012). Currently, under both the FLSA and the NYLL, an employer is responsible for liquidated damages equal to one hundred percent of the amount that the employee was underpaid. 29 U.S.C. § 216(b); N.Y. LAB. LAW § 663(1).

District courts in the Second Circuit are divided as to whether to award overlapping liquidated damages under both the FLSA and the NYLL. Herrera v. Tri-State Kitchen and Bath, Inc., No. 14 CV 1695, 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015). The majority view permits plaintiffs to recover liquidated damages under both statutes because

[8] A split shift is "a schedule of daily hours in which the working hours required or permitted are not consecutive," excluding a meal period of one hour or less. N.Y. COMP. CODES R. & REGS. tit. 12 § 142–2.17.

"each award serves a fundamentally different purpose." Id.; see Sanchez v. Viva Nail N.Y. Inc., No. 12 CV 6322, 2014 WL 869914, at *5 (E.D.N.Y. Mar. 4, 2014); Maliza v. 2001 MAR–OS Fashion, Inc., No. 07 CV 463, 2010 WL 502955, at *1 n.4 (E.D.N.Y. Feb. 10, 2010). NYLL liquidated damages are characterized as punitive, while FLSA liquidated damages are considered compensatory. Man Wei Shiu v. New Peking Taste Inc., No. 11 CV 1175, 2014 WL 652355, at *13 (E.D.N.Y. Feb. 19, 2014).

Contrary to the majority position, an "emerging trend" has developed in the Eastern District, which denies simultaneous recovery of liquidated damages under both statutes. Herrera, 2015 WL 1529653, at *12; see Man Wei Shiu, 2014 WL 652355, at *18; see also Gortat v. Capala Bros., 949 F. Supp. 2d. 374, 381-82 (E.D.N.Y. 2013); Chun Jie Yin v. Kim, No. 07 CV 1236, 2008 WL 906736, at *7 (E.D.N.Y. Apr. 1, 2008). The underlying rationale states that there is no meaningful difference between an award of liquidated damages under the two statutes because both effectively serve the same purpose: "to deter wage–and–hour violations in a manner calculated to compensate the harmed party." Man Wei Shiu, 2014 WL 652355, at *13; see also Chun Jie Yin, 2008 WL 906736, at *7. I find this trend more compelling than the majority view for the following reasons.

Under the FLSA, liquidated damages are considered to be compensatory, rather than punitive, because the statute's legislative history reveals congressional intent to "compensat[e] [a workman] for the retention of [his] pay which might result in damages too obscure and difficult [to prove]." Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945). Under the NYLL, liquidated damages are considered to be punitive because, prior to recent

amendments, an employee-plaintiff had to prove that his employer's underpayment was "willful" in order to recover liquidated damages. N.Y. LAB. LAW § 663(1); see Chun Jie Yin, 2008 WL 906736, at *7. The implication is that, if proven, an employer's "willful" conduct must be punished and deterred. See Carter v. Frito-Lay, Inc., 45 N.Y.S.2d 115, 115-16 (1st Dep't 1980) (classifying NYLL liquidated damages as punitive because an award of such damages was "expressly conditioned on a finding of *willful* conduct on the part of the employer" and because the "Governor's message accompanying th[e] legislation pointedly refer[red] to liquidated damages as a '. . . stronger sanction against an employer for *willful* failure to pay wages . . . [and] should result in greater compliance with the law'" (empasis added).) No other argument has been offered as justification for a punitive, rather than compensatory, interpretation of the NYLL liquidated damages provision. See, e.g., Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999); see also Wicaksono, 2011 WL 2022644, at *7; Chun Jie Yin, 2008 WL 906736, at *7; Carter, 45 N.Y.S.2d at 115-16.

Notably, by amendment effective November 24, 2009, NYLL § 663(1) was revised. The "willfulness" requirement – the predicate for casting NYLL liquidated damages as punitive – was removed and replaced. Instead, § 663(1) currently provides for an award of liquidated damages "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. LAB. LAW § 663(1).

This amendment to the NYLL is significant. It shifts the burden of proof from the employee to the employer in claims for NYLL liquidated damages. Now, to be liable, an employer no longer has to act "willfully." See Carter, 45 N.Y.S.2d at 115-16. An employer may

act inadvertantly or unknowingly and still be held liable for NYLL liquidated damages unless it can prove "good faith." Hence, the removal of the "willfulness" requirement voids the argument in favor of solely assessing NYLL damages as punitive.

As a result of this amendment, the liquidated damages provision of the NYLL now mirrors, almost exactly, the liquidated damages provision of the FLSA, which offers a compensatory remedy. Both statutes place the burden on the employer to prove "good faith" to qualify for exemption from liquidated damages. 29 U.S.C. § 260 (The court may refuse to award liquidated damages "if the employer shows [that its violation of the FLSA] was in good faith and that [it] had reasonable grounds for believing [that it was not violating the statute].") In fact, the 2009 Amendment to the NYLL, which shifted the burden of proof to the employer, was at least in part intended to conform the NYLL to the FLSA. See N.Y. SPONS. MEMO., 2009 A.B. 6963. In line with this trend, the NYLL's liquidated damages provision was further amended in 2011, raising the cap on liquidated damages from twenty-five percent of underpayments to one hundred percent of underpayments, thereby matching the cap imposed by the FLSA. Id.; N.Y. LAB. LAW § 663(1); Herrera, 2015 WL 1529653, at *12.

For these reasons, NYLL liquidated damages can no longer be classified as solely or predominantly punitive. The majority view that an award of liquidated damages under the NYLL and the FLSA "each serves a fundamentally different purpose," and consequently, permits recovery under both statutes, Herrera, 2015 WL 1529653, at *12, no longer applies. "To the extent the [NYLL and FLSA] now provide for essentially identical remedies with respect to

liquidated damages, it is harder to argue that they are designed to compensate a plaintiff for disparate harms." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 96 n.11 (E.D.N.Y. 2012). Coupling these arguments with the intuitive unfairness of awarding cumulative damages for the same violation, I recommend that plaintiff recover liquidated damages under only one of the two statutes – the NYLL.[9] Taking one hundred percent of plaintiff's underpayment in minimum wages, overtime wages, and spread–of–hours wages, I respectfully recommend that plaintiff be awarded $10,372 in liquidated damages under the NYLL (100 percent of plaintiff's underpaid wages = $2,690 for minimum wage + $7,170 for overtime + $512 for spread–of–hours = $10,372).

5. Pre-judgment Interest

Plaintiff is also entitled to pre-judgment interest on unpaid minimum wages, overtime wages, and spread–of–hours wages under the NYLL. See Santillan, 822 F. Supp. 2d at 298-99. The statutory rate of interest is nine percent per year. N.Y. C.P.L.R. § 5004. Where damages were incurred over a period of time, the court reserves discretion to calculate pre-judgment interest beginning "from a single reasonable intermediate date" within that period of time. See Wicaksono, 2011 WL 2022644, at *9.

Here, the intermediate date of plaintiff's employment was on or about June 5,

[9] When confronted with the choice whether to award liquidated damages under the NYLL or the FLSA, the court should choose whichever statute provides the higher award. See Man Wei Shiu, 2014 WL 652355, at *13. Because the New York State minimum wage was higher than the federal minimum wage throughout the course of plaintiff's employment, and because the NYLL compensates for spread–of–hours pay, while the FLSA does not, the award of liquidated damages under the NYLL would exceed an award of liquidated damages under the FLSA in this case.

2014. As discussed, plaintiff is owed a total of $10,372 in unpaid minimum wages, overtime wages, and spread–of–hours wages. Applying the nine percent interest rate (.09 x $10,372.00), plaintiff is entitled to $933.48 per annum. Thus, plaintiff earned $933.48 in pre-judgment interest for each of the following two time periods: June 5, 2014 to June 5, 2015; and June 5, 2015 to June 5, 2016. I therefore recommend that plaintiff receive $1,866.96 in pre-judgment interest for all dates up to and including June 5, 2016 ($933.48 x 2 = $1,866.96). I further recommend that interest continue to accrue at a rate of nine percent per annum, or $2.56 per day ($933.48/year ÷ 365 days/year = $2.56/day), from June 6, 2016 through the date of entry of judgment.

6. Wage Theft Prevention Act

The WTPA states that, at the time of hiring, every employer must give each of its employees a wage notice that contains, among other things, the name and address of the employer and the employee's rate of pay and allowances. N.Y. LAB LAW § 195(1)(a). If the wage notice is not provided within ten business days of the employee's first day of employment, the employee may recover $50 for each work week in which the violation occurred and/or continued to occur, with a cap of $2,500. Id. § 198(1–b).

The WTPA also requires that "every employer . . . furnish each employee with a statement with every payment of wages, listing gross wages, deductions and net wages, and upon the request of an employee furnish an explanation of how such wages were computed." Id. § 195(3). If the employee is not provided with wage statements in accord with § 195(3), he or she may recover $100 for each work week in which the violation occurred and/or continued to

occur, with a cap of $2,500 as well. Id. § 198(1–d).

Here, defendants never provided plaintiff with a wage notice or statement. Because plaintiff worked a total of fourteen weeks, I recommend that he receive $2,100 in WTPA damages ((14 weeks x $50/week) + (14 weeks x $100/week) = $2,100).

7. Post-judgment Interest

28 U.S.C. § 1961 provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Under the statute, interest is calculated "from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." Id. Thus, I recommend that plaintiff be awarded statutory post-judgment interest. See Morales v. B&M Gen. Renovation Inc., No. 14 CV 7290, 2016 WL 1266624, at *10 (awarding post-judgment interest pursuant to 28 U.S.C. § 1961).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion be granted and that defendants Party Pizza and Zaman be held jointly and severally liable for a total of $24,710.96, consisting of $2,690 in unpaid minimum wages; $7,170 in unpaid overtime wages; $512 in unpaid spread–of–hours wages; $10,372 in liquidated damages; $2,100 in WTPA damages; and $1,866.96 in pre-judgment interest for the period up to and including June 5, 2016. In addition, I recommend that plaintiff be awarded accrued pre-judgment interest, at a rate of

$2.56 per day, for each day beginning on June 6, 2016 and ending on the date of entry of judgment. I also recommend that plaintiff be awarded statutory post-judgment interest.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Ross and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1)(C) (2009); FED. R. CIV. P. 72, 6(a).

Respectfully submitted,

/s/

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
August 16, 2016